IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED

AUG 07 2024

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____, DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| -vs- | ) No. **CR 24-314 SLP** |
| BG DALE BISCOE, RANDALL DAVID SHELTON, and SIOUX EROSION CONTROL, INC., | ) Violation: 15 U.S.C. § 1 |
| Defendants. | ) |

## INDICTMENT

The Federal Grand Jury charges that:

### BACKGROUND

At all times relevant to this Indictment:

1. Erosion control means any method to eliminate, reduce, or mitigate the movement, transportation, or runoff of soil, rock, sediment, or other earthen materials due to natural forces such as wind or water, including through the installation of sod, compost, mulch, or other vegetative barriers, and seeding with grass, wildflowers, and other groundcovers. The meaning of the term also includes any other meanings generally understood in the transportation, construction, or landscaping industries. Erosion control products and services, including the use of solid slab sodding, are often incorporated into contracts with federal, state, and local governments for publicly funded projects including but not limited to highway construction and repair.

## DEFENDANTS AND CO-CONSPIRATORS

2. SIOUX EROSION CONTROL, INC. was a corporation organized and existing under the laws of Oklahoma with its principal place of business in Weatherford, Oklahoma. SIOUX EROSION CONTROL, INC. was an erosion control company engaged in providing erosion control products and services, including solid slab sodding, in the Western District of Oklahoma and elsewhere.

3. BG DALE BISCOE was a part owner and Vice President of SIOUX EROSION CONTROL, INC.

4. RANDALL DAVID SHELTON was an estimator employed by SIOUX EROSION CONTROL, INC.

5. Various corporations and individuals, not made defendants in this Indictment, including Company B, Company C, and Company D, as well as James Travis Feazel, Stanley Mark Smith, Roy Henry Heinrich, and Ryan Ashley Sullivan, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

6. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## COUNT 1
### (Conspiracy to restrain trade)

7. The Federal Grand Jury incorporates paragraphs 1-6 by reference.

### DESCRIPTION OF THE OFFENSE

8. BG DALE BISCOE, RANDALL DAVID SHELTON, and SIOUX EROSION CONTROL, INC., are hereby charged and made defendants on the charge contained in this Indictment.

9. Beginning at least as early as September 2017 and continuing until as late as April 2023, the exact dates being unknown to the Federal Grand Jury, in the Western District of Oklahoma and elsewhere, the defendants,

**BG DALE BISCOE,
RANDALL DAVID SHELTON, and
SIOUX EROSION CONTROL, INC.,**

and co-conspirators knowingly entered into and engaged in a conspiracy to suppress and eliminate competition by fixing prices and rigging bids for erosion control products and services, including solid slab sodding. The conspiracy engaged in by the defendants and their co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

### MEANS AND METHODS OF THE CONSPIRACY

10. For the purpose of forming and carrying out the charged conspiracy, the defendants, BG DALE BISCOE, RANDALL DAVID SHELTON, and SIOUX EROSION CONTROL, INC., and their co-conspirators did those things that they combined and conspired to do, including, among other things:

3

a.  engaged in discussions and attended meetings concerning projects for, and prices of, erosion control products and services, including solid slab sodding, in the Western District of Oklahoma and elsewhere;

b.  agreed during those discussions and meetings to allocate erosion control contracts based on geographic divisions within the state of Oklahoma, as well as other criteria discussed in advance of bid "letting" dates, or bid submission deadlines;

c.  agreed during those discussions and meetings not to compete for erosion control contracts and rig bids by either submitting intentionally high-priced bids for jobs allocated to a different company or by declining to submit bids for such jobs altogether;

d.  agreed during those discussions and meetings to raise and maintain prices for solid slab sodding and other line items in erosion control contracts;

e.  discussed and exchanged prices submitted to prime contractors for erosion control contracts so as not to undercut one another's prices;

f.  engaged in recorded discussions about the "gentlemen's agreement";

g.  provided erosion control products and services in the Western District of Oklahoma and elsewhere through erosion control contracts awarded at collusive and noncompetitive prices that collectively were in excess of $100 million;

4

  h. accepted payment for erosion control products and services provided under contracts awarded at collusive and noncompetitive prices; and

  i. took steps to conceal co-conspirator communications in furtherance of the conspiracy, including by utilizing "burner" phones.

## TRADE AND COMMERCE

11. During the period covered by this Indictment, the defendants, BG DALE BISCOE, RANDALL DAVID SHELTON, and SIOUX EROSION CONTROL, INC., and their co-conspirators, including Company B, Company C, Company D, James Travis Feazel, Stanley Mark Smith, Roy Henry Heinrich, and Ryan Ashley Sullivan, placed bids for erosion control products and services with prime contractors that operated both in Oklahoma and in states outside of Oklahoma, which substantially affected interstate trade and commerce. Furthermore, during the period covered by this Indictment, many of the projects the defendants, BG DALE BISCOE, RANDALL DAVID SHELTON, and SIOUX EROSION CONTROL, INC., and their co-conspirators, including Company B, Company C, Company D, James Travis Feazel, Stanley Mark Smith, Roy Henry Heinrich, and Ryan Ashley Sullivan, submitted bids on used federal funding, including funding from the U.S. Department of Transportation. These federal funds were in the flow of interstate trade and commerce. Finally, during the period covered by this Indictment, the defendants, BG DALE BISCOE, RANDALL DAVID SHELTON, and SIOUX EROSION CONTROL, INC., and their co-conspirators, including Company B, Company C, Company D, James Travis Feazel, Stanley Mark Smith, Roy Henry Heinrich, and Ryan Ashley Sullivan, used substantial quantities of equipment and

supplies necessary to provide erosion control products and services, including trucks to transport erosion control supplies to job sites, which traveled on interstate roads and highways.

12.  During the period covered by this Indictment, the business activities of the defendants and their co-conspirators that are the subject of this Indictment were within the flow of, and substantially affected, interstate trade and commerce.

All in violation of Title 15, United States Code, Section 1.

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

JONATHAN KANTER
Assistant Attorney General

ROBERT J. TROESTER
United States Attorney

RYAN D. TANSEY
Chief, Washington Criminal Section

BETHANY LIPMAN
MATTHEW GRISIER
MARC HEDRICH
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal Section

CHARLES BROWN
Assistant United States Attorney
United States Attorney's Office
Western District of Oklahoma